PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JOSÉ E. ROMERO ET AL., Defendants and Appellants.

No. 3170. Argued November 29, 1927.—Decided May 7, 1929.

*Arturo Aponte* for the appellants. *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellants were convicted of the crime of riot by the Municipal Court of Fajardo and also by the District Court of Humacao in a trial *de novo* on appeal and from the judgment of the district court they have appealed to this court. They allege two grounds for their appeal, but argue only one of them on the basis that the lower court summarily overruled their motion to dismiss the cause and denied them their right to the speedy trial granted by our Organic Act.

The appellants were arrested on November 4, 1924, for the aforesaid crime. On March 13, 1925, they were tried in the municipal court and three days later a judgment of conviction was rendered. They appealed therefrom on the same day to the district court in which the record for their appeal was filed on June 11, 1925. The trial on appeal was set for the 13th of the following August and five days before it was held the defendants filed in the district court a motion to dismiss the case because it appeared from the facts as stated that more than four months had elapsed since the filing of their appeal and they were thus deprived of a speedy trial; because their appeal should have been sent up at once to the district court and the case should have been set for trial within the following ten days, and because, having been arrested on November 4, 1924, the time elapsed until the filing of their motion to dismiss (August 5, 1925) is so excessively long that failure to hold the trial without just cause, first in the municipal court and then in the district court, is a violation of our Organic Act in regard to the right of every accused person to a speedy trial. The district attorney opposed that motion and, among other things, alleged under oath that since June 11, 1925, when the record of the appeal was filed in the district court that court was occupied in trying criminal cases until the 29th of that month and year, and from that time until the 13th of the following August,

for which date the trial on appeal had been set, the court had been engaged in trying civil cases.

At the hearing on that motion on the day before the date set for the trial on appeal there was introduced in evidence the original record of this case which contains the facts stated heretofore and which the district attorney had admitted as true in answering the motion to dismiss. That motion was overruled on August 13 and it appears from the order of the court that on March 23, 1925, the accused filed two motions in the municipal court for the dismissal of the prosecution, one on the ground of failure to hold the trial within 120 days from November 4, 1924, the date of their arrest, and the other because the complaint had not been filed within the 60 days following their arrest, the rulings on them not being stated. It is said also that the court had been busy during the time and in the manner alleged by the district attorney.

After that ruling of the district court the defendants presented on the day of the trial another motion for dismissal of the cause, alleging that they had filed in the municipal court a motion to dismiss on the ground that the complaint had not been filed within the 60 days following the arrest and also because the trial of the case in the district court had not been set within the 120 days following the filing of their appeal. That motion was overruled by the court as being a repetition of those disposed of on that day.

The last motion to dismiss is certainly a reproduction of the one which the district court had ruled on and therefore the court did not err in overruling it.

As regards the motion to dismiss because more than 120 days had elapsed from March 26, 1925, the date of the appeal, to the 13th of the following August, which was the day set for the trial on appeal, it results that the said appeal was not filed in the district court until June 11, this date and not that of the notice of appeal being the starting point for computing the 120 days within which, according to section 448 of the Code of Criminal Procedure, the trial should be

held because that is the only act equivalent to the filing of the information, as was held in *People* v. *Mercado,* 27 P.R.R. 523; therefore, from June 11 to August 13 the 120 days had not elapsed. If this were not the case and the 120 days were counted from March 26, it would result also that the district court had good cause for not holding the trial before it did.

In regard to the contention that the district court should have dismissed the prosecution because the defendants had been arrested on November 4, 1924, and were not tried in the municipal court until the 13th of the following March, we will repeat what was said in *People* v. *Rodríguez,* 32 P.R.R. 3, a case very similar to this, as follows: "On appeal from a municipal court the trial is imperatively *de novo.* The district court acquires jurisdiction only to try the case *de novo.* It does not sit as a court of review and it cannot on appeal review an incident of the trial. Of course if it be alleged that the municipal court was without jurisdiction to try the case, a different matter is presented." If the defendants were entitled to a dismissal of the prosecution by the municipal court, they could have secured it in a mandamus proceeding, as in *People* v. *Dyer,* 23 P.R.R. 718. Moreover, we do not know whether the municipal court had just cause for not holding the trial within the 120 days.

The appellants say also that their case should have been dismissed because the trial in the district court ought to have been set within the ten days following the receipt of the record of the proceeding in the municipal court, under subdivision 5 of section 29 of the Code of Criminal Procedure. That statute does not prescribe that the case must be tried within ten days after the receipt of the record, but that the date for the trial of the case shall be set within that time, nor is it provided by section 448 of the Code of Criminal Procedure that it shall be a ground for dismissing the prosecution. But apart from this, that question has been determined adversely to a dismissal in *People* v. *Hernández,* 30 P.R.R. 719.

For the foregoing reasons the judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.